**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

GUADALUPE OLVERA, an individual; and THE GUADALUPE OLVERA FAMILY TRUST, by and through its Trustee, Rebecca Schultz,

Plaintiffs,

vs.

JARED E. SHAFER, an individual; PROFESSIONAL FIDUCIARY SERVICES OF NEV ADA, INC., a Nevada corporation; AMY VIGGIANO DEITTRICK, individually and doing business as AVID BUSINESS SERVICES; PATIENCE BRISTOL, an individual; WELLS FARGO BANK, N.A., a National Association; EVES. MILLS, an individual; SUSAN BULL, an individual; CENTER FOR GUARDIANSHIP CERTIFICATION, INC., a Pennsylvania non-profit corporation; SUN CITY ANTHEM COMMUNITY ASSOCIATION, INC., a Nevada non-profit corporation; CATHY ELLIOT, an individual; DOES I through XX and DOE ENTITIES I through XX, inclusive,

Defendants.

Case No.: 2: 14-cv-01298-GMN-NJK

**ORDER**

Pending before the Court is the Motion to Dismiss (ECF No. 55) filed by Defendant Center for Guardianship Certification, Inc. ("Defendant" or "the CGC"). Plaintiffs Guadalupe Olvera and the Guadalupe Olvera Family Trust (collectively, "Plaintiffs") filed a Response (ECF No. 75), and Defendant filed a Reply (ECF No. 78).

**I. <u>BACKGROUND</u>**

This case involves various allegations against multiple defendants, occurring from 2008

to April 2013. First, Plaintiffs allege that, while Plaintiff Guadalupe Olvera ("Olvera") was a resident in Sun City Anthem in 2008 and 2009, Defendant Cathy Elliot, an employee of Defendant Sun City Anthem Community Association, Inc., kidnapped Olvera, "and did not give up control of Olvera until early November, 2009." (Compl. ¶¶ 20–23, ECF No. 1). Second, Plaintiffs allege that Defendant Center for Guardianship Certification, Inc. ("CGC") "failed in its duties to protect the Plaintiffs, by willfully ignoring evidence of wrongdoing by Defendants after such evidence had been presented to them." (*Id.* ¶¶ 24–25).

Third, Plaintiffs allege that, on December 2, 2009, the Family Court Division of the Clark County, Nevada District Court appointed Defendant Jared E. Shafer ("Shafer"), an employee of Defendant Professional Fiduciary Services of Nevada, Inc. ("PFSN"), as guardian over Olvera in the Matter of the Guardianship of the Person and Estate of Guadalupe Olvera, an adult ward, in Case No. G028163 ("the Guardianship Proceedings"). (*Id.* ¶¶ 27–28). Shafer acted as Olvera's guardian until April 26, 2013, when the guardianship was terminated. (*Id.* ¶ 19). Plaintiffs allege that Shafer "embezzled funds … by submitting false or inflated invoices for payment," "failed to demonstrate candor before the [Guardianship] Court," and "fraudulently or wrongfully diminish[ed] the value of" Plaintiffs' assets. (*Id.* ¶¶ 39, 52, 56). Fourth, Plaintiffs allege that the Wells Fargo Defendants "were specifically and knowingly complicit in the wrongful actions taken by the other Defendants, particularly those wrongful actions of Shafer, PFSN, Bristol, Deittrick and Avid." (*Id.* ¶ 57).

Plaintiffs filed a Complaint in the instant action on August 8, 2014, asserting the following causes of action against CGC: (1) breach of fiduciary duty; (2) negligence; (3) negligent performance of an undertaking; (4) unjust enrichment; and (5) violation of NRS 41.1395. (*Id.* ¶¶ 68–130). However, Plaintiffs concede two claims against CGC in its Response—unjust enrichment and violation of NRS 41.1395. (Response 5:22–25, ECF No. 75). Accordingly, the Court dismisses these two claims as to CGC.

## II. LEGAL STANDARD

Dismissal is appropriate under Rule 12(b)(6) where a pleader fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A pleading must give fair notice of a legally cognizable claim and the grounds on which it rests, and although a court must take all factual allegations as true, legal conclusions couched as a factual allegation are insufficient. *Twombly*, 550 U.S. at 555. Accordingly, Rule 12(b)(6) requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id*.

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. This standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*.

"Generally, a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion." *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990). "However, material which is properly submitted as part of the complaint may be considered." *Id*. Similarly, "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered in ruling on a Rule 12(b)(6) motion to dismiss" without converting the motion to dismiss into a motion for summary judgment. *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994). On a motion to dismiss, a court may also take judicial notice of "matters of public record." *Mack v. S. Bay Beer Distrib.*, 798 F.2d 1279, 1282 (9th Cir. 1986). Otherwise, if a court considers materials outside of the pleadings, the motion to dismiss is converted into a motion for summary judgment. Fed. R. Civ. P. 12(d).

If the court grants a motion to dismiss for failure to state a claim, leave to amend should be granted unless it is clear that the deficiencies of the complaint cannot be cured by amendment. *DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992). Pursuant to Rule 15(a), the court should "freely" give leave to amend "when justice so requires," and in the absence of a reason such as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182 (1962).

## III. DISCUSSION

CGC asserts that Plaintiffs' remaining claims should be dismissed because the allegations in the Complaint "are so severely deficient that they appear to fall short of meeting pleading requirements under the more lenient analysis allowed under" Rule 8(a)(2) of the Federal Rules of Civil Procedure. (Mot. to Dismiss 6:18–22, ECF No. 55).

### A. Breach of Fiduciary Duty

A claim for breach of fiduciary duty under Nevada law requires a plaintiff to demonstrate a fiduciary duty exists, that duty was breached, and the breach proximately caused the damages. *Brown v. Kinross Gold U.S.A., Inc.*, 531 F. Supp. 2d 1234, 1245 (D. Nev. 2008). "'[A] fiduciary relationship is deemed to exist when one party is bound to act for the benefit of the other party. Such a relationship imposes a duty of utmost good faith.'" *Giles v. Gen. Motors Acceptance Corp.*, 494 F.3d 865, 880–81 (9th Cir. 2007) (quoting *Hoopes v. Hammargren*, 725 P.2d 238, 242 (Nev. 1986)).

Here, although Plaintiffs allege that CGC "owed a fiduciary duty to Plaintiff," Plaintiffs fail to allege facts sufficient to show that a fiduciary relationship existed between CGC and Plaintiffs. (*See* Compl. ¶ 77). While Plaintiffs allege that "CGC is a non-profit entity which claims to offer accreditation to public and private guardians, including some of the Defendants

in this case," Plaintiffs fail to allege facts demonstrating that CGC was bound to act for the benefit of Plaintiffs. (*See id.* ¶ 24). Therefore, as currently pled, Plaintiffs' breach of fiduciary duty claim against CGC must fail and is dismissed without prejudice.

**B. Negligence**

To succeed on a state common law claim for negligence, a plaintiff must show: (1) a duty owed by defendants to plaintiff; (2) a breach of that duty by defendants; (3) causation; and (4) damages. *Sanchez v. Wal–Mart Stores, Inc.*, 221 P.3d 1276, 1280 (Nev. 2009).

Here, Plaintiffs allege that "CGC is a non-profit entity which claims to offer accreditation to public and private guardians, including some of the Defendants in this case." (Compl. ¶ 24). Moreover, Plaintiffs allege that "CGC failed in its duties to protect the Plaintiffs, by willfully ignoring evidence of wrongdoing by Defendants after such evidence had been presented to them." (Compl. ¶ 25). Specifically, Plaintiffs allege that CGC "owed a duty of care to Plaintiff," and "breached its duty by knowingly ignoring evidence that Shafer and other Defendants were engaging in wrongful, fraudulent guardianship activities, and in failing to further investigate or withdraw its accreditation of Shafer and other Defendants." (*Id.* ¶¶ 100, 106).

The Complaint contains no factual allegations establishing a duty owed by CGC to Plaintiffs. Rather, the Complaint only recites this element in a conclusory fashion, stating that CGC "owed a duty of care to Plaintiff." (*See* Compl. ¶100). Therefore, as currently pled, Plaintiffs' negligence claim against CGC must fail and is dismissed without prejudice.

**C. Negligent Performance of an Undertaking**

For state claims of negligent performance of an undertaking, Nevada follows the Restatement (Second) of Torts, which reads as follows:

> One who undertakes, gratuitously or for consideration, to render services to another which he should recognize as necessary for the protection of the other's person or things, is subject to liability to the other for physical harm resulting from his failure to exercise reasonable care to perform his undertaking, if

> (a) his failure to exercise such care increases the risk of such harm, or
> (b) he has undertaken to perform a duty owed by the other to the third person, or
> (c) the harm is suffered because of reliance of the other or the third person upon the undertaking.

Restatement (Second) of Torts § 323 (1977); *see e.g.*, *Wiseman v. Hallahan*, 945 P.2d 945, 947-48 (Nev. 1997); *Wright v. Schum*, 781 P.2d 1142, 1144-45 (Nev. 1989).

Here, Plaintiffs do not allege facts sufficient to support a claim of negligent performance of an undertaking against CGC. Notably, CGC is not mentioned in the specific allegations of this claim. (*See* Compl. ¶¶ 111–15). Moreover, the general allegations involving CGC are insufficient to support this claim. Therefore, as currently pled, Plaintiffs' negligent performance of an undertaking claim against CGC must fail and is dismissed without prejudice.

**D. Leave to Amend**

Rule 15(a)(2) of the Federal Rules of Civil Procedure permits courts to "freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). The Ninth Circuit "ha[s] held that in dismissing for failure to state a claim under Rule 12(b)(6), 'a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts.'" *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (quoting *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995)).

The Court finds that Plaintiffs may be able to plead additional facts to support the following causes of action against CGC: (1) breach of fiduciary duty; (2) negligence; and (3) negligent performance of an undertaking. Accordingly, because the Court finds that Plaintiffs may be able to plead additional facts to support these causes of action, the Court will grant Plaintiffs leave to file an amended complaint.

Plaintiffs shall file its amended complaint within fourteen (14) days of the date of this

Order if it can allege sufficient facts that plausibly establish the following claims against CGC: (1) breach of fiduciary duty; (2) negligence; and (3) negligent performance of an undertaking. Failure to file an amended complaint by this date shall result in the Court dismissing these claims with prejudice. Moreover, Plaintiffs filed a Motion for Leave to File Amended Complaint on April 1, 2015, seeking to add two defendants to its Complaint. (*See* Motion, ECF No. 88). Plaintiffs may add the additional defendants to its amended complaint.

## IV. CONCLUSION

**IT IS HEREBY ORDERED** that Defendant CGC's Motion to Dismiss (ECF No. 55) is **GRANTED**. The Court dismisses the following claims against CGC without prejudice and with leave to amend: (1) breach of fiduciary duty; (2) negligence; and (3) negligent performance of an undertaking.

**IT IS FURTHER ORDERED** that Plaintiffs' two claims against CGC in its Response, unjust enrichment and violation of NRS 41.1395, are hereby **DISMISSED without prejudice**. (Response 5:22–25, ECF No. 75).

**IT IS FURTHER ORDERED** that Plaintiffs' Motion for Leave to File Amended Complaint (ECF No. 88) is **GRANTED**, and Plaintiffs shall file its amended complaint by **Wednesday, May 20, 2015**. Failure to file an amended complaint by this date shall result in the Court **DISMISSING** these claims against CGC **with prejudice**.

**DATED** this 29th day of April, 2015.

Gloria M. Navarro, Chief Judge
United States District Judge