# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| GUADALUPE OLVERA, an individual; and THE GUADALUPE OLVERA FAMILY TRUST, by and through its Trustee, Rebecca Schultz, | Case No.: 2:14-cv-01298-GMN-NJK |
| Plaintiffs, | **ORDER** |
| vs. | |
| JARED E. SHAFER, an individual; PROFESSIONAL FIDUCIARY SERVICES OF NEVADA, INC., a Nevada corporation; AMY VIGGIANO DEITTRICK, individually and doing business as AVID BUSINESS SERVICES; PATIENCE BRISTOL, an individual; WELLS FARGO BANK, N.A., a National Association; EVES. MILLS, an individual; SUSAN BULL, an individual; CENTER FOR GUARDIANSHIP CERTIFICATION, INC., a Pennsylvania non-profit corporation; SUN CITY ANTHEM COMMUNITY ASSOCIATION, INC., a Nevada non-profit corporation; CATHY ELLIOT, an individual; DOES I through XX and DOE ENTITIES I through XX, inclusive, | |
| Defendants. | |

Pending before the Court is the Motion to Dismiss (ECF No. 38) filed by Defendants Wells Fargo, N.A., Eve S. Mills, and Susan Bull (collectively, "the Wells Fargo Defendants"). Plaintiffs Guadalupe Olvera and the Guadalupe Olvera Family Trust (collectively, "Plaintiffs") filed a Response (ECF No. 69).

## I.    BACKGROUND

This case involves various allegations against multiple defendants, occurring from 2008

to April 2013.  First, Plaintiffs allege that, while Plaintiff Guadalupe Olvera ("Olvera") was a resident in Sun City Anthem in 2008 and 2009, Defendant Cathy Elliot, an employee of Defendant Sun City Anthem Community Association, Inc., kidnapped Olvera, "and did not give up control of Olvera until early November, 2009." (Compl. ¶¶ 20–23, ECF No. 1).  Second, Plaintiffs allege that Defendant Center for Guardianship Certification, Inc. ("CGC") "failed in its duties to protect the Plaintiffs, by willfully ignoring evidence of wrongdoing by Defendants after such evidence had been presented to them." (*Id.* ¶¶ 24–25).

Third, Plaintiffs allege that, on December 2, 2009, the Family Court Division of the Clark County, Nevada District Court appointed Defendant Jared E. Shafer ("Shafer"), an employee of Defendant Professional Fiduciary Services of Nevada, Inc. ("PFSN"), as guardian over Olvera in the Matter of the Guardianship of the Person and Estate of Guadalupe Olvera, an adult ward, in Case No. G028163 ("the Guardianship Proceedings"). (*Id.* ¶¶ 27–28).  Shafer acted as Olvera's guardian until April 26, 2013, when the guardianship was terminated. (*Id.* ¶ 19).  Plaintiffs allege that Shafer "embezzled funds … by submitting false or inflated invoices for payment," "failed to demonstrate candor before the [Guardianship] Court," and "fraudulently or wrongfully diminish[ed] the value of" Plaintiffs' assets. (*Id.* ¶¶ 39, 52, 56).  Fourth, Plaintiffs allege that the Wells Fargo Defendants "were specifically and knowingly complicit in the wrongful actions taken by the other Defendants, particularly those wrongful actions of Shafer, PFSN, Bristol, Deittrick and Avid." (*Id.* ¶ 57).

Plaintiffs filed a Complaint in the instant action on August 8, 2014, asserting the following causes of action against the Wells Fargo Defendants: (1) breach of fiduciary duty; (2) negligence; (3) negligent performance of an undertaking; (4) unjust enrichment; and (5) violation of NRS 41.1395. (*Id.* ¶¶ 68–130).  However, Plaintiffs concede their unjust enrichment claim against the Wells Fargo Defendants in its Response. (Response 11:10–11, ECF No. 69).  Accordingly, the Court dismisses this claim as to the Wells Fargo Defendants.

## II.     LEGAL STANDARD

Dismissal is appropriate under Rule 12(b)(6) where a pleader fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  A pleading must give fair notice of a legally cognizable claim and the grounds on which it rests, and although a court must take all factual allegations as true, legal conclusions couched as a factual allegation are insufficient. *Twombly*, 550 U.S. at 555.  Accordingly, Rule 12(b)(6) requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id*.

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*.  This standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*.

"Generally, a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion." *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990).  "However, material which is properly submitted as part of the complaint may be considered." *Id*.  Similarly, "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered in ruling on a Rule 12(b)(6) motion to dismiss" without converting the motion to dismiss into a motion for summary judgment. *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994).  On a motion to dismiss, a court may also take judicial notice of "matters of public record." *Mack v. S. Bay Beer Distrib.*, 798 F.2d 1279, 1282 (9th Cir. 1986). Otherwise, if a court considers materials outside of the pleadings, the motion to dismiss is converted into a motion for summary judgment. Fed. R. Civ. P. 12(d).

If the court grants a motion to dismiss for failure to state a claim, leave to amend should be granted unless it is clear that the deficiencies of the complaint cannot be cured by amendment. *DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992).  Pursuant to Rule 15(a), the court should "freely" give leave to amend "when justice so requires," and in the absence of a reason such as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182 (1962).

## III.  <u>DISCUSSION</u>

In the instant Motion to Dismiss, the Wells Fargo Defendants rely on two bases for the dismissal of Plaintiffs' Complaint.  First, the Wells Fargo Defendants assert that "Plaintiff's Complaint should be dismissed on the grounds of issue preclusion and/or claim preclusion." (Mot. to Dismiss 2:26–27, ECF No. 38).  Second, the Wells Fargo Defendants assert that "several of Plaintiffs' causes of action are barred by the statute of limitations." (*Id.* 2:28). Accordingly, the Court will address each argument in turn.

### A.  Preclusion

The Wells Fargo Defendants contend that "[t]he fees and expenses that are the subject of Plaintiffs' Complaint against [Defendants] were incurred while Plaintiff GUADALUPE was a Nevada resident under a Guardianship in Nevada and were approved, in whole or in part, by the Guardianship Commissioner presiding over GUADALUPE's Guardianship Case." (Mot. to Dismiss 11:20–24).  Moreover, the Wells Fargo Defendants assert that "Plaintiffs should have filed [sic] appealed the Orders relating to those fees and expenses when the Orders authorizing payment were originally filed." (*Id.* 11:25–27).  According to the Wells Fargo Defendants, "the issue of the appropriateness of the fees and expenses charged to the TRUST (the identical issue that Plaintiffs now raise) was 'actually and necessarily litigated' in the Guardianship

Proceeding wherein the Guardianship Commissioner and the District Court made a final ruling." (*Id.* 15:25–27).

### 1.    Claim Preclusion

"[C]laim preclusion applies to all grounds of recovery that were or could have been brought in the first case." *Five Star Capital Corp. v. Ruby,* 194 P.3d 709, 713 (Nev. 2008).  To successfully assert the claim preclusive effect of the Guardianship Proceeding, Defendants must establish that: "(1) the parties or their privies are the same, (2) the final judgment is valid, and (3) the subsequent action is based on the same claims or any part of them that were or could have been brought in the first case." *Id.* (internal citations and quotation marks omitted). Ultimately, "claim preclusion applies to preclude an entire second suit that is based on the same set of facts and circumstances as the first suit." *Id.* at 713–14.

Here, the Wells Fargo Defendants have not demonstrated that they were parties to or in privity with parties to the Guardianship Proceedings.  Thus, the Court cannot find that the parties or their privities to the Guardianship Proceedings are the same as the parties to the instant action.  Moreover, the Wells Fargo Defendants have not demonstrated that the instant action is based on the same claims or any part of them that were brought in the Guardianship Proceedings.  For example, Plaintiffs presently assert the following claims against Defendants: (1) breach of fiduciary duty; (2) negligence; (3) negligent performance of an undertaking; (4) unjust enrichment; and (5) violation of NRS 41.1395. (Compl. ¶¶ 68–130).  The Wells Fargo Defendants have not demonstrated that these claims were brought in the Guardianship Proceedings.  Furthermore, the Wells Fargo Defendants have not demonstrated that Plaintiffs could have brought the present claims in the Guardianship Proceedings.  Rather, Plaintiffs assert that the facts giving rise to the claims in the instant action were not known until the Nevada Guardianship was terminated in April 25, 2013. (*See* Response 9:18–24).

Because the Court finds that the Wells Fargo Defendants have failed to establish the first

and third elements of the claim preclusion analysis, the Court need not address the second element.  Accordingly, the Wells Fargo Defendants' Motion to Dismiss under the doctrine of claim preclusion is denied.

### 2.   Issue Preclusion

"[I]ssue preclusion only applies to issues that were actually and necessarily litigated and on which there was a final decision on the merits." *Five Star Capital Corp.,* 194 P.3d at 713. To successfully assert the issue preclusive effect of the Guardianship Proceeding, Defendants must establish that:

> (1) the issue decided in the prior litigation [is] identical to the issue presented in the current action; (2) the initial ruling [was] on the merits and ha[s] become final; (3) the party against whom the judgment is asserted [was] a party or in privity with a party to the prior litigation; and (4) the issue was actually and necessarily litigated.

*Id.* (internal citations and quotation marks omitted).

Here, the Wells Fargo Defendants have not demonstrated that the issue decided in the Guardianship Proceedings is identical to the issue presented in the current action.  The Wells Fargo Defendants contend that "the issue of the appropriateness of the fees and expenses charged to the TRUST (the identical issue that Plaintiffs now raise) was 'actually and necessarily litigated' in the Guardianship Proceeding wherein the Guardianship Commissioner and the District Court made a final ruling." (Mot. to Dismiss 15:25–27)  However, the issue of the appropriateness of fees and expenses is not presently before the Court.  Rather, Plaintiffs allege that Shafer "embezzled funds … by submitting false or inflated invoices for payment," "failed to demonstrate candor before the [Guardianship] Court," and "fraudulently or wrongfully diminish[ed] the value of" Plaintiffs' assets. (Compl. ¶¶ 39, 52, 56).  Moreover, Plaintiffs allege that the Wells Fargo Defendants "were specifically and knowingly complicit in the wrongful actions taken by the other Defendants, particularly those wrongful actions of

Shafer, PFSN, Bristol, Deittrick and Avid." (*Id.* ¶ 57).

Because the Court finds that the Wells Fargo Defendants have failed to establish the first element of the issue preclusion analysis, the Court need not address the remaining elements. Accordingly, the Wells Fargo Defendants' Motion to Dismiss under the doctrine of issue preclusion is denied.[1]

## B.   Statute of Limitations

The Wells Fargo Defendants assert that Plaintiffs' claims for breach of fiduciary duty and negligence should be dismissed because they are barred by applicable statutes of limitations.[2] (Mot. to Dismiss 16:18–17:15, 18:7–26).  On the other hand, Plaintiffs assert that the Wells Fargo Defendants' actions tolled the statutes of limitations. (Response 10:25–28).

The Ninth Circuit has held that determination of the applicability of equitable tolling is generally not amenable to resolution on a Rule 12(b)(6) motion because its determination "necessitates resort to the specific circumstances of the prior claim: parties involved, issues raised, evidence considered, and discovery conducted." *Cervantes v. City of San Diego*, 5 F.3d 1273, 1276 (9th Cir. 1993).  When a motion to dismiss is brought on the ground that the plaintiff's complaint is untimely, "a complaint cannot be dismissed unless it appears beyond a doubt that the plaintiff can prove no set of facts that would establish the timeliness of the claim." *Supermail Cargo, Inc. v. United States*, 68 F.3d 1204, 1207 (9th Cir. 1995).  "The sole issue is whether the complaint, liberally construed in light of our 'notice pleading' system, adequately alleges facts showing the *potential* applicability of the equitable tolling doctrine."

---

[1] The Wells Fargo Defendants rely on claim and issue preclusion to support its alternative Motion for More Definite Statement.  Because the Court finds that neither claim nor issue preclusion applies, the Court denies the Wells Fargo Defendants' alternative Motion.  Moreover, the Court finds that the allegations in the Complaint are sufficiently focused to permit a definite answer.

[2] Under Nevada law, the statute of limitation for a claim of breach of fiduciary duty is three years. *Nevada State Bank v. Jamison Fam. Partn.*, 801 P.2d 1377, 1382 (Nev. 1990).  Furthermore, the statute of limitation for a claim of negligence is two years. Nev. Rev. Stat. 11.190.

*Cervantes*, 5 F.3d at 1277.

Here, the Court finds that Plaintiffs have alleged facts sufficient to show the potential applicability of the equitable tolling doctrine.  Plaintiffs allege that the Wells Fargo Defendants "failed or refused to inform the beneficiaries of the Trust that they were beneficiaries, or to provide them with statements and other information pertaining to the Trust which would have allowed the beneficiaries to bring the wrongful actions…to the attention of proper Court's and authorities." (Compl. ¶ 58).  Moreover, Plaintiffs allege that the Wells Fargo Defendants "failed or refused to provide account statements to the lawful beneficiaries of the Trust, ignoring repeated requests that they do so." (*Id.* ¶ 59).  Furthermore, Plaintiffs allege that the Wells Fargo Defendants "provided false information to the Guardianship Commissioner and to the other Defendants, which affected the ability of Olvera's family to assume the guardianship and take care of Olvera." (*Id.* ¶ 60).  In addition, Plaintiffs allege that the Wells Fargo Defendants "engaged in a pattern of hiding information…and covering for the wrongful actions of the other Defendants." (*Id.* ¶ 65).  Based on these allegations, Plaintiffs have alleged facts sufficient to show the potential applicability of the equitable tolling doctrine.  Accordingly, the Court denies the Wells Fargo Defendants' Motion to Dismiss on the grounds that Plaintiffs' claims violated the statute of limitations.

## IV.    CONCLUSION

**IT IS HEREBY ORDERED** that the Wells Fargo Defendants' Motion to Dismiss (ECF No. 38) is **GRANTED in part** and **DENIED in part**.  Accordingly, Plaintiffs' claim of unjust enrichment is dismissed with prejudice as to the Wells Fargo Defendants.  However, the remainder of Plaintiffs' claims against the Wells Fargo Defendants survive.

**DATED** this 29th day of April, 2015.

_____
Gloria M. Navarro, Chief Judge
United States District Court