ROBERT S. LARSEN, ESQ.
Nevada Bar No. 7785
ASHLIE L. SURUR, ESQ.
Nevada Bar No. 11290
GORDON & REES LLP
3770 Howard Hughes Parkway, Suite 100
Las Vegas, Nevada  89169
Telephone:  (702) 577-9300
Facsimile:  (702) 255-2858
Email: rlarsen@gordonrees.com
       asurur@gordonrees.com

***Attorneys for Defendant***
***Cathy Elliott***

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| GUADALUPE OLVERA, an individual; and THE GUADALUPE OLVERA FAMILY TRUST, by and through its Trustee Rebecca Schultz, <br><br> Plaintiff, <br><br> vs. <br><br> JARED E. SHAFER, an individual; PROFESSIONAL FIDUCIARY SERVICES OF NEVADA, INC., a Nevada Corporation; AMY VIGGIANO DEITTRICK, individual and doing business as AVID BUSINESS SERVICES; PATIENCE BRISTOL, an individual; WELLS FARGO BANK, N.A. a National Association; EVE S. MILLS, an individual; SUSAN BULL, an individual; CENTER FOR GUARDIANSHIP CERTIFICATION, INC., a Pennsylvania nonprofit corporation; FIRSTSERVICE RESIDENTIAL, NEVADA, LLC, a Nevada limited liability company; CATHY ELLIOT, an individual; MARGARET JOHNSON, aka MARGO JOHNSON, an individual; DOES I through XX and DOE ENTITIES I trough XX, inclusive, <br><br> Defendants. | CASE NO.:  2:14-CV-01298-GMN-NJK <br><br><br> **DEFENDANT CATHY ELLIOTT'S MOTION FOR SUMMARY JUDGMENT** |

Gordon & Rees LLP
3770 Howard Hughes Parkway Suite 100
Las Vegas, NV 89169

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## DEFENDANT CATHY ELLIOTT'S MOTION FOR SUMMARY JUDGMENT

Defendant Cathy Elliott, by and through her counsel of record, Gordon & Rees LLP, hereby submit this Motion for Summary Judgment pursuant to Federal Rule of Civil Procedure ("FRCP") 56. This Motion is made and based on the pleadings and papers on file herein, the attached Memorandum of Points and Authorities, and any oral argument this Court may allow.

Dated: September 2, 2015

*/s/ Robert S. Larsen*

Robert S. Larsen, Esq.
Ashlie L. Surur, Esq.
Gordon & Rees LLP
3770 Howard Hughes Pkwy., Ste. 100
Las Vegas, Nevada  89169
Telephone:  (702) 577-9300
Facsimile:  (702) 255-2858
rlarsen@gordonrees.com
asurur@gordonrees.com

***Attorneys for Defendant Cathy Elliott***

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.   INTRODUCTION

In this case, Plaintiffs sued many defendants for various claims that do not bear relationship with each other.  The primary claims and the vast majority of the allegations in the First Amended Complaint relate to guardianship proceedings.  Plaintiffs' claims against Cathy Elliott do not appear to bear any relationship to the guardianship allegations and claims.  With respect to Ms. Elliott, Plaintiffs raise five causes of action:  breach of fiduciary duty (second claim for relief), negligent performance of an undertaking (fifth claim for relief), unjust enrichment (sixth claim for relief), intentional infliction of emotional distress (seventh claim for relief), and violation of NRS 41.1395 (eighth claim for relief).  As set forth below, all of these claims are barred by the applicable statute of limitations.  Additionally, Plaintiffs cannot establish the requisite elements of each claim. Accordingly, those claims fail as a matter of law. Plaintiffs cannot demonstrate any disputed material facts that preclude summary judgment.  Ms. Elliott requests that this Court grant summary judgment in her favor and against Plaintiffs.

Gordon & Rees LLP
3770 Howard Hughes Parkway Suite 100
Las Vegas, NV 89169

## II.      STATEMENT OF UNDISPUTED FACTS

The following facts are undisputed:

1.      Ms. Elliott met Plaintiff Guadalupe Olvera (who has since deceased) and his wife Mrs. Olvera (also deceased) while employed by First Service Residential.  Declaration of Cathy Elliott ("Elliott Decl.") attached as Exhibit 1, ¶¶ 3-5.

2.      Ms. Elliot became friends with Mr. and Mrs. Olvera.  Elliott Decl., ¶ 5.

3.      Ms. Elliot periodically provided transport to Mr. Olvera to take him to doctors appointments and other errands.  Elliott Decl., ¶ 6.

4.      Mr. Olvera stayed at Ms. Elliott's residence for a short period of time in 2009 while Ms. Olvera was in the hospital.  Elliott Decl., ¶¶ 7-8.

5.      Ms. Elliott never kidnapped or kept Mr. Olvera against his will.  Elliott Decl., ¶ 8.

6.      Plaintiffs have not produced any documents or evidence that Ms. Elliott kidnapped Mr. Olvera.

7.      Ms. Elliott never received any money or other compensation from Mr. Olvera or The Guadalupe Olvera Family Trust.  Elliott Decl., ¶¶ 9-12.

8.      Ms. Elliott never entered into any contract, undertaking, or instrument with or on behalf of Mr. Olvera or The Guadalupe Olvera Family Trust.  Elliott Decl., ¶¶ 9-12.

9.      Ms. Elliott never took possession of or had control over any money or assets of Mr. Olvera or The Guadalupe Olvera Family Trust.  Elliott Decl., ¶¶ 9-12.

10.      Plaintiffs have not produced any document or other evidence that Ms. Elliott ever received any money, compensation or any asset from Mr. Olvera or The Guadalupe Olvera Family Trust.

11.      Plaintiffs have not produced any evidence that Ms. Elliott ever converted or otherwise took possession of any asset of Mr. Olvera or The Guadalupe Olvera Family Trust.

## III.     LEGAL ARGUMENT

### A.      <u>Standard of Review</u>

A party is entitled to summary judgment as a matter of law if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show there is

Gordon & Rees LLP
3770 Howard Hughes Parkway Suite 100
Las Vegas, NV 89169

no genuine issue as to any material fact."  FRCP 56(c); *see Bahn v. NME Hosps., Inc.*, 929 F.2d 1404, 1409 (9th Cir.1991).  The moving party carries the initial burden of proof and meets this burden by identifying portions of the record on file that demonstrate the absence of any genuine issue of material fact.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-24 (1986).  Once the initial burden is satisfied, the burden shifts to the non-moving party to demonstrate through the production of probative evidence that there remains an issue of fact to be tried.  *Id.*; *Henderson v. City of Simi Valley*, 305 F.3d 1052, 1055-1056 (9th Cir. 2002).  "The opposing party may not rely merely on allegations or denials in its own pleading; rather its response must . . . set out specific facts showing a genuine issue for trial."  FRCP 56(e); *Bhan*, 929 F.2d at 1409.  A scintilla of evidence or evidence that is merely colorable or not significantly probative does not present a genuine issue of material fact.  *Addisu v. Meyer*, 198 F.3d 1130, 1134 (9th Cir., 2000). Thus, mere disagreement or the bald assertion that a genuine issue of material fact exists does not preclude summary judgment.  *Harper v. Wallingford*, 877 F.2d 728 (9th Cir. 1989); *California Building Products, Inc., v. Franciscan Ceramics, Inc.*, 818 F.2d 1446, 1468 (9th Cir. 1987).

### B.   Plaintiff's Causes of Action Against Cathy Elliott Are Time Barred.

Of the one hundred forty five allegations in the First Amended Complaint, only three factual allegations refer to Cathy Elliot.[1]  All relate to a purported kidnapping in late 2009— more than five years ago:

21.   In 2008 and 2009, Plaintiff Olvera was a resident in Sun City Anthem, and regularly interacted with Defendants Elliot, Johnson and their employer, FSR.

22.   In late 2009, Defendants Elliot and Johnson, with the knowledge of Defendant FSR, kidnaped (sic) Olvera, removed him from

---

[1] All other allegations concerning Ms. Elliott in the First Amended Complaint are generic and conclusory and contain no factual allegation whatsoever.  *See e.g.* FAC, ¶¶ 135-139.  Plaintiff has not produced <u>any</u> other evidence against Ms. Elliottt.

1    his home and proceeded to convert much of his assets to their own use and

2    benefit.

3            23.    Defendants Elliot and/or Johnson kept Mr. Olvera hidden

4    from his family, and did not give up control of Olvera until early

5    November, 2009.

6    All of the claims brought against Ms. Elliott are outside the applicable statute of limitations.

7    Accordingly, Plaintiffs' claims against Ms. Elliott fail as a matter of law and summary judgment

8    must be granted in Ms. Elliott's favor.

9

10           **1.    The Statute of Limitations for Breach of Fiduciary Duty Claims is
                     Three Years.**

11           Under Nevada law, the statute of limitations for a claim of breach of fiduciary duty is

12   three years.  *See Nevada State Bank v. Jamison Fam. Partn.*, 106 Nev. 792, 799-800, 801 P.2d

13   1377, 1382 (1990) (finding that a "breach of fiduciary duty is fraud and therefore, the three-year

14   statute of limitations set forth in NRS 11.190(3)(d) is applicable"); *see also Bancorp Intern.*

15   *Group v. Fin. Indus. Reg. Auth.*, 2014 U.S. Dist. LEXIS 3134, *9-10 (D. Nev. Jan. 10, 2014)

16   (confirming three-year statute of limitation for breach of fiduciary duty claims). In this case, the

17   allegations against Ms. Elliott all arise from 2009, far outside the three year statute of limitation.

18   FAC, ¶¶ 22-23. Plaintiffs' fiduciary duty claim against Ms. Elliot is time barred.

19

20           **2.    The Statute of Limitations for Negligent Performance of an
                     Undertaking Is Two Years.**

21           In Nevada, the statute of limitations for negligence claims is two years. NRS 11.190(4)(e)

22   provides the two-year limitation for "an action to recover damages for injuries to a person . . .

23   caused by the . . . neglect of another."  Plaintiffs allege a claim for negligent performance of an

24   undertaking.  As stated above, the only allegations relating to Ms. Elliott occurred in early

25   November 2009, well outside of the two-year limitation. FAC, ¶¶ 22-23.  The negligent

26   performance of an undertaking is also time barred.

27   / / /

28   / / /

**3.     The Statute of Limitations for Unjust Enrichment Is Four Years.**

NRS 11.190(2)(c) provides a four-year limitation for "an action upon a contract, obligation or liability not founded upon an instrument in writing." No instrument in writing has been alleged between Plaintiffs and Ms. Elliott, so any unjust enrichment claim would need to have been brought within four years. The only allegations relating to Ms. Elliott occurred in early November 2009, well in excess of the four-year limitation. The unjust enrichment claim is time barred.

**4.     The Statute of Limitations for Intentional Infliction of Emotional Distress Is Two Years.**

A claim for intentional infliction of emotional distress is a claim for injuries to a person. NRS 11.190(4)(e) provides that the statute of limitations for an injury to a person is two years. Plaintiffs' First Amended Complaint alleges that the kidnapping occurred in late 2009.  The statute of limitations would have expired in 2011.  Plaintiffs' claims are long past the statute of limitations. The claim for intentional infliction of emotional distress is time barred.

**5.     The Statute of Limitation for Violations of NRS 41.395 Is Three Years.**

The statute of limitations for statutory claims is three years in Nevada.  NRS 11.190(3)(a) provides that an action must be commenced within 3 years if it is "[a]n action upon a liability created by statute . . . ." Plaintiffs' NRS 41.1395 claim is a statutory claim subject to the three-year statute of limitations.  Plaintiffs' only allegations relating to Ms. Elliott occurred in late 2009, again far outside the three-year limitation.  Plaintiffs' claim for violation of NRS 41.1395 is time barred. All of Plaintiffs' claims against Ms. Elliott are past the applicable statute of limitations.  Summary judgment on all claims must be granted.

**C.     Plaintiffs' Fiduciary Duty Claim Fails as a Matter of Law.**

To succeed on the breach of fiduciary duty claim, Plaintiffs must prove: (1) Ms. Elliott owed a fiduciary duty to the Plaintiffs; (2) Ms. Elliott breached that duty; and (3) Plaintiffs' sustained damages as a proximate cause of the breach.  *Giles v. Gen. Motors Acceptance Corp.*, 494 F.3d 865, 880-81 (9th Cir. 2007) (applying Nevada law); *see also Clark v. Lubritz*, 113 Nev. 1089, 944 P.2d 861, 866-67 (1997).  Here, Plaintiffs cannot show that any fiduciary duty existed

Gordon & Rees LLP
3770 Howard Hughes Parkway Suite 100
Las Vegas, NV 89169

Gordon & Rees LLP
3770 Howard Hughes Parkway Suite 100
Las Vegas, NV 89169

1    between Mr. Olvera and Ms. Elliott.  Even if one existed, there are no allegations demonstrating

2    a breach of fiduciary duty or any damages suffered by Plaintiffs as a result of the breach.

3         Completely missing from Plaintiffs' breach of fiduciary duty claim are any allegations

4    related to Ms. Elliott.  *See* FAC, 87-95.  While other Defendants are mentioned within the claim,

5    Ms. Elliott's name is conspicuously absent.  There are no allegations anywhere in the First

6    Amended Complaint that Ms. Elliott had a fiduciary relationship with Mr. Olvera.  Discovery in

7    this case has closed. Plaintiffs have not produced a single piece of evidence that a fiduciary duty

8    existed.  Plaintiffs have not produced any evidence that a breach of fiduciary duty by Ms. Elliott

9    occurred or that that Plaintiffs were damaged as a proximate cause of such a breach.  Without

10   evidence demonstrating a fiduciary duty existed <u>and</u> that a breach occurred <u>and</u> that Plaintiffs

11   suffered damages as a proximate cause of the breach, Plaintiffs' breach of fiduciary duty claim

12   against Ms. Elliott fails as a matter of law and summary judgment must be granted.

13        **D.**    <u>**Plaintiffs' Claim for Negligent Performance of an Undertaking Fails as a**</u>
14           <u>**Matter of Law.**</u>

15        Plaintiffs appear to allege a claim for negligent performance of an undertaking against

16   Ms. Elliott.  The First Amended Complaint is devoid of any reference to any undertaking or

17   contract or instrument that Ms. Elliot was to perform for Plaintiffs.  Plaintiffs have not produced

18   any evidence of such an undertaking or any evidence that it was performed negligently.  Ms.

19   Elliott has never entered into any undertakings, contracts or instruments with Plaintiffs.  ¶¶ 9-12.

20   This claim must be denied.

21        **E.**    <u>**Plaintiffs Cannot Establish the Elements of Unjust Enrichment**</u>

22        Unjust enrichment requires that Plaintiffs prove that Ms. Elliott unjustly retained money

23   or property of the Plaintiffs against fundamental principals of justice of equity and good

24   conscience.  *Asphalt Products v. All Star Ready Mix*, 111 Nev. 799, 802, 898 P.2d 699, 701

25   (1995).  Typically, unjust enrichment claims arise when services have been provided by one

26   party and the receiving party refuses to pay for the services.  This case does not have any such

27   circumstance.  At best, the only "unjust enrichment" arises out of the allegation that "In late

28   2009, Defendants Elliot and Johnson, with the knowledge of Defendant FSR, kidnaped (sic)

Gordon & Rees LLP
3770 Howard Hughes Parkway Suite 100
Las Vegas, NV 89169

1   Olvera, removed him from his home and proceeded to convert much of his assets to their own

2   use and benefit." First Amended Complaint ("FAC"), ¶ 22. An allegation in an unverified

3   complaint does not constitute evidence. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-252

4   (1986) (allegations are not specific facts required by FRCP 56(e) and will not defeat properly

5   made summary judgment motion); *Gerlinger v. Amazon.com, Inc.*, 526 F.3d 1253, 1255-1256

6   (9th Cir. 2008) ("In response to a summary judgment motion or a trial court's post-pleading stage

7   order to establish Article III standing, a plaintiff can no longer rest on 'mere allegations' but must

8   set forth by affidavit or other admissible evidence 'specific facts' ").

9      Ms. Elliott did not receive any compensation or property from Plaintiffs. Elliott Decl., ¶¶

10   9-11. Plaintiffs have not produced any evidence that Ms. Elliot received or converted any

11   money, property or other assets from Plaintiffs. The reason is that it did not happen. Plaintiffs'

12   claim must be denied.

13

14      **F.**     **Plaintiffs Have Not Produced any Evidence Supporting Their Intentional Infliction of Emotional Distress Claim.**

15      Plaintiffs fail to meet the requirements for a cognizable Intentional Infliction of

16   Emotional Distress ("IIED") claim. In order to recover on a claim for IIED, a plaintiff must

17   prove the following three elements: "(1) extreme and outrageous conduct with either the

18   intention of, or reckless disregard for, causing emotional distress; (2) the plaintiff's having

19   suffered severe or extreme emotional distress; and (3) actual or proximate causation." *Dillard*

20   *Dep't Stores, Inc. v. Beckwith*, 115 Nev. 372, 378, 989 P.2d 882, 886 (1999) (*citing Star v.*

21   *Rabello*, 97 Nev. 124, 125, 625 P.2d 90, 92 (1981)). Plaintiffs do not state any actual ill effects

22   which would support an allegation of "<u>severe or extreme</u> emotional distress."

23      In this case, Plaintiffs have not produced any evidence to support the kidnapping

24   allegation in paragraph 22 of the First Amended Complaint. Notably, the First Amended

25   Complaint is not verified. In contrast, Ms. Elliott's declaration categorically denies any

26   kidnapping occurred. Ms. Elliott was a friend of Mr. Olvera and from time to time provided

27   transportation for various errands. At one time, Mr. Olvera stayed at Ms. Elliott's house while

28   his wife was in the hospital. These services were provided without charge or receipt of any

Gordon & Rees LLP
3770 Howard Hughes Parkway Suite 100
Las Vegas, NV 89169

1  monetary consideration from Mr. Olvera. In fact, Ms. Elliott never received any money or

2  property from Mr. Olvera. Plaintiffs have not and cannot produce any admissible evidence to

3  contradict these facts. There is no evidence of any kidnapping. There is no evidence that Mr.

4  Olvera suffered any emotional distress as a result of Ms. Elliott's actions. Without such

5  evidence, Plaintiffs' IIED claim fails as a matter of law.

6       **G.**      **Plaintiff's Claim for Violation of NRS 41.395 Fails as a Matter of Law.**

7       Plaintiffs' eighth claim is for violation of NRS 41.1395. Plaintiffs appear to be bringing

8  this claim against Ms. Elliott in addition to other Defendants. The only allegations in the First

9  Amended Complaint that might relate to this claim are the false allegation that Ms. Elliott

10  kidnapped Mr. Olvera and converted his assets. The kidnapping did not occur. Elliott Decl., ¶¶

11  6-8. Nor did Ms. Elliot convert any assets of Mr. Olvera. Elliott Decl., ¶¶ 9-11. Plaintiffs have

12  not produced a single piece of evidence beyond the unsupported allegations in the unverified

13  First Amended Complaint that Ms. Elliott caused any harm whatsoever to Mr. Olvera. Summary

14  judgment must be granted on this claim.

15  **IV.**     **CONCLUSION**

16       As set forth above, all of Plaintiffs' claims against Ms. Elliott are outside the applicable

17  statute of limitations. As a result, all of the claims against Ms. Elliott fail as a matter of law.

18  The inquiry should end at this point and summary judgment should be granted. However, even

19  beyond the statute of limitations, Plaintiffs do not have any admissible evidence to support any

20  of the claims against Ms. Elliott. Plaintiff's claims do not have any merit and summary

21  judgment is appropriate on all claims.

22       Dated: September 2, 2015

23                                     */s/ Robert S. Larsen*

24                                     Robert S. Larsen, Esq.
                                   Ashlie L. Surur, Esq.

25                                     Gordon & Rees LLP
                                   3770 Howard Hughes Pkwy., Ste. 100

26                                     Las Vegas, Nevada 89169
                                   Telephone: (702) 577-9300

27                                     Facsimile: (702) 255-2858
                                   rlarsen@gordonrees.com

28                                     asurur@gordonrees.com
                                   ***Attorneys for Defendant Cathy Elliott***

**<u>CERTIFICATE OF SERVICE</u>**

Pursuant to NRCP 5(b), I certify that on September 2, 2015, I caused the following document entitled: **DEFENDANT CATHY ELLIOTT'S MOTION FOR SUMMARY JUDGMENT** to be served by electronic filing to all counsel of record in this action.

*/s/ Robert S. Larsen*

_____

An employee of Gordon & Rees LLP

**Gordon & Rees LLP**
**3770 Howard Hughes Parkway Suite 100**
**Las Vegas, NV 89169**

1108416/24803430v.1

-10-