# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| GUADALUPE OLVERA, an individual; and THE GUADALUPE OLVERA FAMILY TRUST, by and through its Trustee, Rebecca Schultz, <br><br>  Plaintiffs, <br>  vs. <br><br> JARED E. SHAFER, an individual; PROFESSIONAL FIDUCIARY SERVICES OF NEVADA, INC., a Nevada corporation; AMY VIGGIANO DEITTRICK, individually and doing business as AVID BUSINESS SERVICES; PATIENCE BRISTOL, an individual; WELLS FARGO BANK, N.A., a National Association; EVES. MILLS, an individual; SUSAN BULL, an individual; CENTER FOR GUARDIANSHIP CERTIFICATION, INC., a Pennsylvania non-profit corporation; FIRSTSERVICE RESIDENTIAL, NEVADA, LLC, a Nevada limited liability company; CATHY ELLIOT, an individual; MARGARET JOHNSON, aka MARGO JOHNSON, an individual; DOES I through XX and DOE ENTITIES I through XX, inclusive, <br><br>  Defendants. | Case No.: 2:14-cv-01298-GMN-NJK <br><br> **ORDER** |

     Pending before the Court is the Motion to Dismiss (ECF No. 97) filed by Defendant Center for Guardianship Certification, Inc. (the "CGC"). Plaintiffs Guadalupe Olvera and the Guadalupe Olvera Family Trust (collectively, "Plaintiffs") filed a Response (ECF No. 106), and the CGC filed a Reply (ECF No. 107). Also pending before the Court is the Motion to Dismiss

(ECF No. 104) filed by Defendant FirstService Residential, Nevada, LLC ("FirstService"). Plaintiffs filed a Response (ECF No. 109),[1] and FirstService filed a Reply (ECF No. 112).

## I. BACKGROUND

This case involves various allegations against multiple defendants, occurring from 2008 through 2013.  First, Plaintiffs allege that, while Plaintiff Guadalupe Olvera ("Olvera") was a resident in Sun City Anthem in 2008 and 2009, Defendants Cathy Elliot and Margaret Johnson, employees of FirstService , kidnapped Olvera, "and did not give up control of Olvera until early November, 2009." (Am. Compl. ¶¶ 21–23, ECF No. 92).  Second, Plaintiffs allege that the CGC "failed in its duties to protect the Plaintiffs, by willfully ignoring evidence of wrongdoing by Defendants after such evidence had been presented to them." (*Id.* ¶ 77).

Third, Plaintiffs allege that, on December 2, 2009, the Family Court Division of the Clark County, Nevada District Court appointed Defendant Jared E. Shafer ("Shafer"), an employee of Defendant Professional Fiduciary Services of Nevada, Inc. ("PFSN"), as guardian over Olvera in the Matter of the Guardianship of the Person and Estate of Guadalupe Olvera, an adult ward, in Case No. G028163 ("the Guardianship Proceedings"). (*Id.* ¶¶ 26–27).  Shafer acted as Olvera's guardian until April 26, 2013, when the guardianship was terminated. (*Id.* ¶ 28).  Plaintiffs allege that Shafer "embezzled funds … by submitting false or inflated invoices for payment," "failed to demonstrate candor before the [Guardianship] Court," and "fraudulently or wrongfully diminish[ed] the value of" Plaintiffs' assets. (*Id.* ¶¶ 38, 51, 55). Fourth, Plaintiffs allege that the Wells Fargo Defendants "were specifically and knowingly complicit in the wrongful actions taken by the other Defendants, particularly those wrongful actions of Shafer, PFSN, Bristol, Deittrick and Avid." (*Id.* ¶ 56).

---

[1] Although Plaintiffs filed its Response past the deadline of July 19, 2015, and provide no explanation for its untimely filing, the Court will consider Plaintiffs' Response.

The CGC filed a Motion to Dismiss (ECF No. 55), which the Court granted (ECF No. 90). Shortly thereafter, Plaintiffs filed an Amended Complaint, asserting the following causes of action: (1) conversion; (2) breach of fiduciary duty; (3) civil RICO; (4) negligence; (5) negligent performance of an undertaking; (6) unjust enrichment; (7) intentional infliction of emotional distress; and (8) violation of NRS 41.1395. (Am. Compl. ¶¶ 78–145). Shortly thereafter, the CGC and FirstService filed the instant Motions to Dismiss.

## II.  LEGAL STANDARD

Dismissal is appropriate under Rule 12(b)(6) where a pleader fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A pleading must give fair notice of a legally cognizable claim and the grounds on which it rests, and although a court must take all factual allegations as true, legal conclusions couched as a factual allegation are insufficient. *Twombly*, 550 U.S. at 555. Accordingly, Rule 12(b)(6) requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.*

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* This standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*

"Generally, a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion." *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990). "However, material which is properly submitted as part of the complaint may be considered." *Id.* Similarly, "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered in ruling on a Rule 12(b)(6) motion to dismiss" without

converting the motion to dismiss into a motion for summary judgment. *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994). On a motion to dismiss, a court may also take judicial notice of "matters of public record." *Mack v. S. Bay Beer Distrib.*, 798 F.2d 1279, 1282 (9th Cir. 1986). Otherwise, if a court considers materials outside of the pleadings, the motion to dismiss is converted into a motion for summary judgment. Fed. R. Civ. P. 12(d).

If the court grants a motion to dismiss for failure to state a claim, leave to amend should be granted unless it is clear that the deficiencies of the complaint cannot be cured by amendment. *DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992). Pursuant to Rule 15(a), the court should "freely" give leave to amend "when justice so requires," and in the absence of a reason such as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182 (1962).

### III. DISCUSSION

#### A. The CGC's Motion to Dismiss

Plaintiffs assert the following claims against the CGC: (1) breach of fiduciary duty; and (2) negligence. (Am. Compl. ¶¶ 86–95, 109–25). The CGC asserts that Plaintiffs' claims should be dismissed because "no new factual bases have been asserted by Plaintiffs in their First Amended Complaint that would support these re-asserted claims for relief against the CGC." (Mot. to Dismiss 3:13–16, ECF No. 97).

##### 1. Breach of Fiduciary Duty

A claim for breach of fiduciary duty under Nevada law requires a plaintiff to demonstrate a fiduciary duty exists, that duty was breached, and the breach proximately caused the damages. *Brown v. Kinross Gold U.S.A., Inc.*, 531 F. Supp. 2d 1234, 1245 (D. Nev. 2008). "'[A] fiduciary relationship is deemed to exist when one party is bound to act for the benefit of

the other party. Such a relationship imposes a duty of utmost good faith.'" *Giles v. Gen. Motors Acceptance Corp.*, 494 F.3d 865, 880–81 (9th Cir. 2007) (quoting *Hoopes v. Hammargren*, 725 P.2d 238, 242 (Nev. 1986)).

Here, Plaintiffs' claim for breach of fiduciary duty was first dismissed because Plaintiffs failed to allege a sufficient factual basis showing that CGC owed Plaintiffs a fiduciary duty. (Order 4:22–5:3, ECF No. 90).  Although Plaintiffs allege that the CGC "owed various fiduciary duties to the Plaintiffs," Plaintiffs again fail to allege facts sufficient to show that a fiduciary relationship existed between the CGC and Plaintiffs. (*See* Am. Compl. ¶ 87).  While Plaintiffs added allegations regarding the CGC's mission and stated purposes, Plaintiffs still fail to allege facts demonstrating that the CGC was bound to act for the benefit of Plaintiffs. (*See id.* ¶¶ 67–70).  Therefore, because Plaintiffs have failed to allege additional facts to support this claim, Plaintiffs' breach of fiduciary duty claim against CGC must fail and is dismissed with prejudice.

### 2. Negligence

To succeed on a state common law claim for negligence, a plaintiff must show: (1) a duty owed by defendants to plaintiff; (2) a breach of that duty by defendants; (3) causation; and (4) damages. *Sanchez v. Wal–Mart Stores, Inc.*, 221 P.3d 1276, 1280 (Nev. 2009).

Here, Plaintiffs have failed to address the concerns of the Court.  This cause of action was originally dismissed for failure to state a claim because Plaintiffs did not allege a factual basis establishing a duty of care owed by CGC to Plaintiffs. (Order 5:17–20, ECF No. 90). Plaintiffs' Amended Complaint still contains no factual allegations sufficient to establish a duty of care owed by the CGC to Plaintiffs.  Therefore, because Plaintiffs have failed to allege additional facts to support this claim, Plaintiffs' negligence claim against CGC must fail and is dismissed with prejudice.

/ / /

**B. FirstService's Motion to Dismiss**

Plaintiffs assert the following claims against FirstService: (1) breach of fiduciary duty; (2) negligence; (3) negligent performance of an undertaking; (4) unjust enrichment; and (5) violation of NRS § 41.1395. (Am. Compl. ¶¶ 86–95, 109–34, 140–45). However, Plaintiffs conceded its unjust enrichment claim against FirstService in its Response to FirstService's Motion to Dismiss. (Response 5:24, ECF No. 109). Accordingly, the Court dismisses this claim against FirstService with prejudice.

FirstService contends that all of Plaintiffs' claims should be dismissed because "[n]one of Plaintiffs' claims against FirstService have been brought within the applicable statute of limitations." (Mot. Dismiss 4:16–17, ECF No. 104). However, Plaintiffs assert that the claims are not untimely because equitable tolling applies. (Response 4:17–6:3). The Ninth Circuit has held that determination of the applicability of equitable tolling is generally not amenable to resolution on a Rule 12(b)(6) motion because its determination "necessitates resort to the specific circumstances of the prior claim: parties involved, issues raised, evidence considered, and discovery conducted." *Cervantes v. City of San Diego*, 5 F.3d 1273, 1276 (9th Cir. 1993). When a motion to dismiss is brought on the ground that the plaintiff's complaint is untimely, "a complaint cannot be dismissed unless it appears beyond a doubt that the plaintiff can prove no set of facts that would establish the timeliness of the claim." *Supermail Cargo, Inc. v. United States*, 68 F.3d 1204, 1207 (9th Cir. 1995). "The sole issue is whether the complaint, liberally construed in light of our 'notice pleading' system, adequately alleges facts showing the *potential* applicability of the equitable tolling doctrine." *Cervantes*, 5 F.3d at 1277. Here, the Court finds that Plaintiffs have alleged facts sufficient to show the potential applicability of the equitable tolling doctrine.

However, FirstService also argues that "Plaintiffs have failed to properly plead any claims against FirstService [and] the claims pled fail to give fair notice to FirstService

regarding the claims being made against it." (Mot. Dismiss 7:8–10). Accordingly, the Court will address the sufficiency of each claim in turn.

### 1. Breach of Fiduciary Duty

As explained above, a claim for breach of fiduciary duty under Nevada law requires a plaintiff to demonstrate a fiduciary duty exists, that duty was breached, and the breach proximately caused the damages. *Brown*, 531 F. Supp. 2d at 1245. "'[A] fiduciary relationship is deemed to exist when one party is bound to act for the benefit of the other party. Such a relationship imposes a duty of utmost good faith.'" *Giles*, 494 F.3d at 880–81 (quoting *Hoopes*, 725 P.2d at 242).

Here, Plaintiffs failed to allege that FirstService was "bound to act for the benefit" of the Plaintiffs and shows no other connection to Plaintiffs besides the allegation that FirstService interacted with Olvera and knew or should have known that its employees kidnapped and took advantage of him. (Am. Compl. ¶¶ 21, 22, 24, ECF No. 92). This factual basis is insufficient to allege that FirstService owed Plaintiffs a fiduciary duty. Therefore, the Court finds that no fiduciary duty has been alleged, and this claim is dismissed.

### 2. Negligence

To succeed on a state common law claim for negligence, a plaintiff must show: (1) a duty owed by defendants to plaintiff; (2) a breach of that duty by defendants; (3) causation; and (4) damages. *Sanchez v. Wal–Mart Stores, Inc.*, 221 P.3d 1276, 1280 (Nev. 2009). Specifically, Plaintiffs allege FirstService negligently hired and supervised its employees. (Am. Compl. ¶ 21, 115).

Claims for negligent hiring depend on an employer breaching its "general duty … to conduct a reasonable background check on a potential employee to ensure that the employee is fit for the position." *Rockwell v. Sun Harbor Budget Suites*, 112 Nev. 1217, 1227 (1996) (quoting *Burnett v. C.B.A. Security Serv.*, 107 Nev. 787, 789 (1991)). At no point do Plaintiffs

claim FirstService did not do a background check nor do they allege a sufficient factual basis for the Court to infer it.  Therefore, this claim is dismissed.

Furthermore, "[t]o state a claim for negligent … supervision in Nevada, Plaintiff must show (1) a general duty on the employer to use reasonable care in the … supervision of employees to ensure that they are fit for their positions; (2) breach; (3) injury; and (4) causation." *Montes v. Bank of Am. NA.*, 2:13–CV–660–RCJ–VCF, 2013 WL 5882778, at *7 (D. Nev. Oct. 30, 2013) (citing *Okeke v. Biomat USA, Inc.*, 927 F. Supp. 2d 1021, 1028 (D.Nev.2013)).  "Claims for negligent training and supervision are based upon the premise that an employer should be liable when it places an employee, who it knows or should have known behaves wrongfully, in a position in which the employee can harm someone else." *Okeke*, 927 F. Supp. 2d at 1028.  However, an "employee's wrongful behavior does not in and of itself give rise to a claim for negligent training and supervision." *Id.*  Plaintiffs have failed to allege that FirstService placed its employees in a position in which they could harm Plaintiffs.  Therefore, they have failed to state a claim for negligent supervision, and it is dismissed.

### 3. Negligent Performance of an Undertaking

For state claims of negligent performance of an undertaking, Nevada follows the Restatement (Second) of Torts, which reads as follows:

> One who undertakes, gratuitously or for consideration, to render services to another which he should recognize as necessary for the protection of the other's person or things, is subject to liability to the other for physical harm resulting from his failure to exercise reasonable care to perform his undertaking, if
> (a) his failure to exercise such care increases the risk of such harm, or
> (b) he has undertaken to perform a duty owed by the other to the third person, or
> (c) the harm is suffered because of reliance of the other or the third person upon the undertaking.

Restatement (Second) of Torts § 323 (1977); s*ee e.g.*, *Wiseman v. Hallahan*, 945 P.2d 945, 947–48 (Nev. 1997); *Wright v. Schum*, 781 P.2d 1142, 1144–45 (Nev. 1989).

Here, Plaintiffs allege "Defendants PFSN and Shafer undertook, gratuitously or for consideration, to render services to Plaintiff which the Defendants should have recognized as necessary to the protection of Plaintiff or her things and/or property[,]" but do not allege FirstService did the same. (Am. Compl. ¶ 127, ECF No. 92). Plaintiffs are without any allegation that FirstService undertook to render services to Plaintiffs and has thus failed to plead an element essential to their claim. Accordingly, Plaintiffs have failed to state a claim for this cause of action, and it is therefore dismissed.

### 4. Violation of NRS § 41.1395

Under Nevada Revised Statute § 41.1395, "if an older person or a vulnerable person …suffers a loss of money or property caused by exploitation, the person who caused the … loss is liable to the older person or vulnerable person for two times the actual damages incurred by the older person or vulnerable person." Nev. Rev. Stat. § 41.1395(1). Exploitation is defined as "any act taken by a person who has the trust and confidence of an older person or a vulnerable person or any use of the power of attorney or guardianship of an older person or a vulnerable person to…[o]btain control … over the money, assets or property of the older person or vulnerable person … or [to c]onvert money, assets or property of the older person with the intention of permanently depriving the older person or vulnerable person … ." Nev. Rev. Stat. § 41.1395(4)(b).

Plaintiffs have not alleged FirstService had the "trust and confidence" or "power of attorney" over Plaintiffs nor does Plaintiffs' allegation that "Defendants Wells Fargo, Mills and Bull … continued to support the claims and attempts of … the other Defendants to maintain the guardianship strangle-hold they had on Olvera and the Trust" create the factual basis required to show FirstService was a guardian to Plaintiffs within the meaning of exploitation under Nevada Revised Statute § 41.1395(4)(b). Therefore, Plaintiffs have failed to allege that

FirstService exploited Plaintiffs because they have not alleged FirstService was in a position to do so.  Accordingly, Plaintiffs' claim is dismissed.

### 5. Leave to Amend

Rule 15(a)(2) of the Federal Rules of Civil Procedure permits courts to "freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2).  The Ninth Circuit "ha[s] held that in dismissing for failure to state a claim under Rule 12(b)(6), 'a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts.'" *Lopez v. Smith,* 203 F.3d 1122, 1127 (9th Cir. 2000) (quoting *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995)).

The Court finds that Plaintiffs may be able to plead additional facts to support its claims against FirstService.  Accordingly, because the Court finds that Plaintiffs may be able to plead additional facts to support its claims against FirstService, the Court will grant Plaintiffs leave to file a second amended complaint solely for this purpose.

Plaintiffs shall file its second amended complaint within fourteen (14) days of the date of this Order if it can allege sufficient facts that plausibly establish its claims against FirstService.  Failure to file a second amended complaint by this date shall result in the Court dismissing FirstService from this case with prejudice.

### IV.   CONCLUSION

**IT IS HEREBY ORDERED** that Defendant the CGC's Motion to Dismiss (ECF No. 97) is **GRANTED**.  The Court dismisses the following claims against the CGC **with prejudice**: (1) breach of fiduciary duty and (2) negligence.  Accordingly, the CGC is dismissed from this case.

**IT IS FURTHER ORDERED** that FirstService's Motion to Dismiss (ECF No. 104) is **GRANTED**. Accordingly, Plaintiffs' Amended Complaint is **DISMISSED without prejudice** as to Defendant FirstService.

**IT IS FURTHER ORDERED** that Plaintiffs shall file its amended complaint by **December 8, 2015.** Failure to file an amended complaint by this date shall result in the Court dismissing FirstService from this case with prejudice.

**DATED** this __24__ day of November, 2015.

_____
Gloria M. Navarro, Chief Judge
United States District Judge