# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

GUADALUPE OLVERA, an individual; and
THE GUADALUPE OLVERA FAMILY
TRUST, by and through its Trustee, Rebecca
Schultz,

       Plaintiffs,

       vs.

JARED E. SHAFER, an individual;
PROFESSIONAL FIDUCIARY SERVICES
OF NEVADA, INC., a Nevada corporation;
AMY VIGGIANO DEITTRICK, individually
and doing business as AVID BUSINESS
SERVICES; PATIENCE BRISTOL, an
individual; WELLS FARGO BANK, N.A., a
National Association; EVES. MILLS, an
individual; SUSAN BULL, an individual;
CENTER FOR GUARDIANSHIP
CERTIFICATION, INC., a Pennsylvania
non-profit corporation; FIRSTSERVICE
RESIDENTIAL, NEVADA, LLC, a
Nevada limited liability company; CATHY
ELLIOT, an individual; MARGARET
JOHNSON, aka MARGO JOHNSON, an
individual; DOES I through XX
and DOE ENTITIES I through XX, inclusive,

       Defendants.

Case No.: 2:14-cv-01298-GMN-NJK

**ORDER**

Pending before the Court is the Motion to Dismiss (ECF No. 129) filed by Defendant

FirstService Residential, Nevada, LLC ("FirstService").  Plaintiffs Guadalupe Olvera and the

Guadalupe Olvera Family Trust (collectively, "Plaintiffs") filed a Response (ECF No. 132), and

FirstService filed a Reply (ECF No. 133).  Also pending before the Court is the Motion to

Dismiss (ECF No. 130), the Motion for Summary Judgment (ECF No. 135), and the Second Motion for Leave to File Late Summary Judgment (ECF No. 136) filed by Defendant Cathy Elliott ("Elliott").  Plaintiffs filed a Response to Elliott's Motion for Summary (ECF No. 139), and Elliott filed a Reply (ECF No. 142).  Plaintiffs did not respond to Elliott's Second Motion for Leave to File Late Summary Judgment (ECF No. 136).  For this reason, the Court grants Elliott's Second Motion for Leave to File Late Summary Judgment (ECF No. 136) and will consider Elliott's Motion for Summary (ECF No. 139). *See* D. Nev. L.R. 7-2(d) ("The failure of an opposing party to file points and authorities in response to any motion shall constitute a consent to the granting of the motion.").

## I.    BACKGROUND

This case involves various allegations against multiple defendants, occurring from 2008 through 2013.  A more detailed recitation of the facts can be found in the Court's previous orders. (*See* ECF Nos. 90–91, 127).  Following the Court's November 24, 2015 Order, Plaintiffs filed a Second Amended Complaint ("SAC"). (SAC, ECF No. 128).  Shortly thereafter, FirstService and Elliott filed the instant motions.

## II.   Motion to Dismiss

### A. Legal Standard

Dismissal is appropriate under Rule 12(b)(6) where a pleader fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  A pleading must give fair notice of a legally cognizable claim and the grounds on which it rests, and although a court must take all factual allegations as true, legal conclusions couched as a factual allegation are insufficient. *Twombly*, 550 U.S. at 555.  Accordingly, Rule 12(b)(6) requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.*

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556

U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*  This standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*

"Generally, a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion." *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990).  "However, material which is properly submitted as part of the complaint may be considered." *Id.*  Similarly, "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered in ruling on a Rule 12(b)(6) motion to dismiss" without converting the motion to dismiss into a motion for summary judgment. *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994).  On a motion to dismiss, a court may also take judicial notice of "matters of public record." *Mack v. S. Bay Beer Distrib.*, 798 F.2d 1279, 1282 (9th Cir. 1986). Otherwise, if a court considers materials outside of the pleadings, the motion to dismiss is converted into a motion for summary judgment. Fed. R. Civ. P. 12(d).

If the court grants a motion to dismiss for failure to state a claim, leave to amend should be granted unless it is clear that the deficiencies of the complaint cannot be cured by amendment. *DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992).  Pursuant to Rule 15(a), the court should "freely" give leave to amend "when justice so requires," and in the absence of a reason such as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182 (1962).

/ / /

/ / /

**B. Discussion**

As a preliminary matter, the Court acknowledges that in its November 24, 2015 Order it gave Plaintiffs leave to amend the First Amended Complaint solely for the purpose of pleading additional facts to support the following claims against FirstService: (1) breach of fiduciary duty; (2) negligence; (3) negligent performance of an undertaking; and (4) violation of NRS § 41.1395. (Order 10:4–18, ECF No. 127).  Moreover, the Court did not grant Plaintiffs leave to amend the First Amended Complaint to add additional claims against Elliott or FirstService. Furthermore, Plaintiffs did not request leave from the Court to add such additional claims. However, Plaintiffs' Second Amended Complaint includes, for the first time, a claim of conversion against Elliott and FirstService. (SAC ¶¶ 71–78, ECF No. 128).  Thus, the Court grants Elliott's Motion to Dismiss and grants FirstService's Motion to Dismiss as to this claim.

The remainder of FirstService's Motion to Dismiss addresses the remaining claims alleged by Plaintiff against FirstService.  The Court will address each claim in turn.

**1. Negligence**

In the Court's November 24, 2015 Order, the Court dismissed Plaintiffs' claim of negligence as to FirstService for two reasons.  Specifically, as to Plaintiffs' claim for negligent hiring, the Court held that "[a]t no point do Plaintiffs claim FirstService did not do a background check nor do they allege a sufficient factual basis for the Court to infer it." (Order 7:25–8:2, ECF No. 127).  Moreover, as to Plaintiffs' claim for negligent training and supervision, the Court held that Plaintiffs failed to allege that FirstService placed its employees, who it knew or should have known behave wrongfully, in a position in which they could harm Plaintiffs. (*Id.* 8:8–14).  As a result, the Court dismissed these claims and gave Plaintiffs leave to amend these claims.

In the Second Amended Complaint, Plaintiffs allege that FirstService "breached its duty by failing to conduct a reasonable background check on [ ] employees Elliot and Johnson to

ensure that said employees were fit for their respective positions," and "[b]y failing to conduct a reasonable background check on Defendants and [ ] employees Elliot and Johnson, F[irstService] placed those employees in a position in which they could harm Plaintiff Olvera." (SAC ¶¶ 108–09, ECF No. 128).  Moreover, Plaintiffs allege that FirstService "knew, or should have known and would have known with a sufficient background check on Defendants and [ ] employees Elliot and Johnson, that these individual Defendants were unfit to interact with Plaintiff Olvera." (*Id.* ¶ 110).

While these new allegations recite the deficiencies the Court identified in the November 24, 2015 Order, they are merely conclusory and fail to sufficiently plead a negligence claim as to FirstService.  For example, Plaintiffs fail to allege facts for the Court to infer that FirstService knew or had reason to know that a background check on Elliott or Johnson would reveal that they were unfit to interact with Plaintiff Olvera.  Accordingly, the Court grants FirstService's Motion to Dismiss as to this claim.  Additionally, because the Court has given Plaintiffs an opportunity to amend this claim to cure deficiencies identified by the Court and Plaintiffs have failed to do so, the Court will dismiss this claim against FirstService with prejudice.

### 2. Negligent Performance of an Undertaking

In the Court's November 24, 2015 Order, the Court dismissed Plaintiffs' claim of negligent performance of an undertaking because Plaintiffs failed to allege that "FirstService undertook to render services to Plaintiffs and [ ] thus failed to plead an element essential to their claim." (Order 9:4–6).  As a result, the Court dismissed this claim against FirstService and gave Plaintiffs leave to amend this claim. (*Id.* 9:6–7).

In the Second Amended Complaint, Plaintiffs allege that FirstService "undertook, for consideration, to provide employee screening, training and supervision obligations over employees who would interact with … Plaintiff Olvera, for which it should have recognized as

necessary to the protection of the Plaintiffs or their respective things and/or property," and "failed to exercise reasonable care and increased the risk of harm to the Plaintiffs." (SAC ¶¶ 119, 121).  Again, these allegations are merely conclusory and fail to sufficiently plead a claim of negligent performance of an undertaking as to FirstService.  Accordingly, the Court grants FirstService's Motion to Dismiss as to this claim.  Additionally, because the Court has given Plaintiffs an opportunity to amend this claim to cure deficiencies identified by the Court and Plaintiffs have failed to do so, the Court will dismiss this claim against FirstService with prejudice.

**III.**   **Motion for Summary Judgment**

     **A. Legal Standard**

The Federal Rules of Civil Procedure provide for summary adjudication when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  Material facts are those that may affect the outcome of the case. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  A dispute as to a material fact is genuine if there is sufficient evidence for a reasonable jury to return a verdict for the nonmoving party. *See id.*  "Summary judgment is inappropriate if reasonable jurors, drawing all inferences in favor of the nonmoving party, could return a verdict in the nonmoving party's favor." *Diaz v. Eagle Produce Ltd. P'ship*, 521 F.3d 1201, 1207 (9th Cir. 2008) (citing *United States v. Shumway*, 199 F.3d 1093, 1103–04 (9th Cir. 1999)).  A principal purpose of summary judgment is "to isolate and dispose of factually unsupported claims." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986).

In determining summary judgment, a court applies a burden-shifting analysis.  "When the party moving for summary judgment would bear the burden of proof at trial, it must come forward with evidence which would entitle it to a directed verdict if the evidence went

uncontroverted at trial.  In such a case, the moving party has the initial burden of establishing the absence of a genuine issue of fact on each issue material to its case." *C.A.R. Transp. Brokerage Co. v. Darden Rests., Inc.*, 213 F.3d 474, 480 (9th Cir. 2000) (citations omitted).  In contrast, when the nonmoving party bears the burden of proving the claim or defense, the moving party can meet its burden in two ways: (1) by presenting evidence to negate an essential element of the nonmoving party's case; or (2) by demonstrating that the nonmoving party failed to make a showing sufficient to establish an element essential to that party's case on which that party will bear the burden of proof at trial. *See Celotex Corp.*, 477 U.S. at 323–24.  If the moving party fails to meet its initial burden, summary judgment must be denied and the court need not consider the nonmoving party's evidence. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 159–60 (1970).

If the moving party satisfies its initial burden, the burden then shifts to the opposing party to establish that a genuine issue of material fact exists. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).  To establish the existence of a factual dispute, the opposing party need not establish a material issue of fact conclusively in its favor.  It is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 631 (9th Cir. 1987).  In other words, the nonmoving party cannot avoid summary judgment by relying solely on conclusory allegations that are unsupported by factual data. *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989).  Instead, the opposition must go beyond the assertions and allegations of the pleadings and set forth specific facts by producing competent evidence that shows a genuine issue for trial. *See Celotex Corp.*, 477 U.S. at 324.

At summary judgment, a court's function is not to weigh the evidence and determine the truth but to determine whether there is a genuine issue for trial. *See Anderson*, 477 U.S. at 249. The evidence of the nonmovant is "to be believed, and all justifiable inferences are to be drawn

in his favor." *Id*. at 255.  But if the evidence of the nonmoving party is merely colorable or is not significantly probative, summary judgment may be granted. *See id.* at 249–50.

## B. Discussion

Elliott argues that all of Plaintiffs' claims against her are barred by the applicable statutes of limitations. (Mot. Summ. J. 7:13–16, ECF No. 135).  Plaintiffs allege that, "[i]n late 2009, Defendant[] Elliot … kidnaped (sic) Olvera, removed him from his home and proceeded to convert much of his assets." (SAC ¶ 26, ECF No. 128).  Moreover, Plaintiffs allege that "Elliott … kept Mr. Olvera hidden from his family, and did not give up control of Olvera until early November, 2009." (*Id.* ¶ 27).  Based on these allegations, Plaintiffs assert the following claims against Elliott: (1) negligent performance of an undertaking; (2) unjust enrichment; (3) intentional infliction of emotional distress; and (4) violations of NRS 41.395. (*Id.* ¶¶ 115–38).

The statute of limitations for negligent performance of an undertaking and intentional infliction of emotional distress claims is two years. NRS 11.190(4)(e).  Moreover the statute of limitations for unjust enrichment claims is four years. NRS 11.190(2)(c).  Additionally, the statute of limitations for claims based on violations NRS 41.395 is three years. NRS 11.190(3)(a).

Based upon the allegations, the facts giving rise to the claims asserted against Elliott concluded in November 2009 when Elliott allegedly gave up control of Olvera. (*See* SAC ¶ 27). Accordingly, the longest statute of limitations— for unjust enrichment—expired in November 2013.  However, Plaintiffs did not file the instant suit until August 8, 2014, almost a year after the last remaining statute of limitations expired.

Nevertheless, Plaintiffs argue that "the facts demonstrating Elliot's tortious actions were not discovered until Plaintiff Guadalupe Olvera was safely with his daughter in California and until the Guardianship was terminated on or about April 26, 2013." (Response 5:27–6:1, ECF No. 139).  Moreover, Plaintiff asserts that, prior to that time, "Plaintiffs could not have known

the extent of Elliot's conversion, negligence or other wrongful actions" and "the statutes of limitation for the various claims began to run on that date, and the Complaint was filed well within the allotted time frame." (*Id.* 6:3–6).

However, assertions made in Plaintiffs' Response belie Plaintiffs' tolling arguments. First, the facts which form the basis of Plaintiffs' allegations of Elliott's conversion relate to checks that were written to Elliott prior to November 2009 by Plaintiff Olvera's wife when she was guardian of Olvera. (Decl. of Rebecca Schultz ¶¶ 9, 15, 18–20, ECF No. 139-3; Ex. 2 to Response, ECF Nos. 139-5, 139-6). All of these checks were written from an account to which Olvera and his wife were both owners. (*Id.*). Second, Plaintiffs admit that, when Plaintiff Olvera allegedly was kidnapped by Elliott in November 2009, Olvera's daughter "contacted various Clark County agencies to seek help." (Decl. of Rebecca Schultz ¶¶ 15–16, 22). Thus, these admissions demonstrate that Plaintiffs had knowledge or should have had knowledge of the facts underlying the claims asserted against Elliott by November 2009. Accordingly, the claims against Elliott are time-barred, and the Court grants Elliott's Motion for Summary Judgment.

## IV.   **CONCLUSION**

**IT IS HEREBY ORDERED** that Defendant FirstService's Motion to Dismiss (ECF No. 129) is **GRANTED**. Accordingly, Plaintiffs' Second Amended Complaint is **DISMISSED with prejudice** as to Defendant FirstService, and FirstService is dismissed from this case.

**IT IS FURTHER ORDERED** that Defendant Elliott's Motion to Dismiss (ECF No. 130) is **GRANTED**. Accordingly, Plaintiff's claim of conversion is **DISMISSED with prejudice** as to Defendant Elliott.

**IT IS FURTHER ORDERED** that Defendant Elliott's Motion for Summary Judgment (ECF No. 135) and Second Motion for Leave to File Late Summary Judgment (ECF No. 136)

are **GRANTED**.  Accordingly, summary judgment is granted in favor of Defendant Elliott and against Plaintiffs as to the remaining claims against Defendant Elliott, and Defendant Elliott is dismissed from this case.

      **DATED** this _____7_____ day of April, 2016.

_____
Gloria M. Navarro, Chief Judge
United States District Judge