# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

GUADALUPE OLVERA, an Individual; and
THE GUADALUPE OLVERA FAMILY
TRUST, by and through its Trustee, Rebecca
Shultz,

          Plaintiffs,

vs.

JARED E. SHAFER, an Individual;
PROFESSIONAL FIDUCIARY SERVICES
OF NEVADA, INC., a Nevada Corporation;
AMY VIGGIANO DEITTRICK, Individually
and dba AVID BUSINESS SERVICES'
PATIENCE BRISTOL, an Individual; WELLS
FARGO BANK, N.A., a National Association;
et al.,

          Defendants.

Case No.: 2:14-cv-01298-GMN-NJK

**ORDER**

On February 6, 2017, the Court issued a Minute Order, (ECF No. 185), asking Plaintiffs Guadalupe Olvera and the Guadalupe Olvera Family Trust (collectively "Plaintiffs") to show cause as to why the Court should not dismiss the case pursuant to a lack of diversity between the parties. Specifically, in its Supplement to Amended Joint Proposed Pretrial Order, (ECF No. 181), Defendants Wells Fargo Bank, N.A. ("Wells Fargo") and Susan Bull (collectively "WFB Defendants") allege that "jurisdiction is not proper" because Wells Fargo "has its main office in California and, therefore, is a resident of California for diversity purposes, as is at least one of the Plaintiffs." (Supp. to Am. Joint Pretrial Order 4:8–11).

In their Response to the Order to Show Cause, Plaintiffs notify the Court that Wells Fargo has previously argued in other cases pending before this Court that it is a resident of South Dakota, where its main office is located. (Resp. 2:1–18, ECF No. 186). In *Wachovia*

*Bank v. Schmidt*, 546 U.S. 303 (2006), the Supreme Court held that a national bank's citizenship under diversity jurisdiction and 28 U.S.C. § 1348 is "in the State designated in its articles of association as its main office." 546 U.S. 303, 318 (2006); *see Rouse v. Wachovia Mortg., FSB*, 747 F.3d 707, 709 (9th Cir. 2014) (holding that a national bank is a citizen only of the state in which its main office is located and therefore that there was complete diversity between the plaintiffs, citizens of California, and Wells Fargo, a citizen of South Dakota).

As such, the Court holds that it has subject matter jurisdiction over this case pursuant to diversity jurisdiction. Moreover, the Court admonishes Wells Fargo for its inconsistent representations of citizenship both in this case and in other cases before the Court. (*See, e.g.*, *Wells Fargo Bank, N.A. v. Alireza Kaveh*, No. 2:13-cv-01472-GMN-NJK, ECF No. 1 (alleging in its complaint that Wells Fargo is a citizen of South Dakota)). Wells Fargo is not permitted to pick and choose its state of citizenship when diversity jurisdiction suits it. Accordingly, pursuant to both *Wachovia Bank* and *Rouse*, Wells Fargo is solely a citizen of South Dakota. 546 U.S. at 318; 747 F.3d at 709.

**IT IS HEREBY ORDERED** that the Court has subject matter jurisdiction over this case as Plaintiffs are citizens of California and WFB Defendants are citizens of South Dakota.

**IT IS FURTHER ORDERED** that parties shall file their proposed joint pretrial order by May 10, 2017.

**IT IS FURTHER ORDERED** that pursuant to Local Rule 16-5, this case is **REFERRED** to Magistrate Judge Koppe for a settlement conference.

**DATED** this __10__ day of April, 2017.

_____
Gloria M. Navarro, Chief Judge
United States District Judge