# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| GUADALUPE OLVERA FAMILY TRUST, | Case No. 2:14-cv-01298-GMN-NJK |
| Plaintiff(s), | ORDER |
| vs. | (Docket Nos. 205, 206) |
| JARED E. SHAFER, et al., | |
| Defendant(s). | |

Pending before the Court is Plaintiff's motion for default judgment against Defendant Patience Bristol for $162,221.25 in compensatory damages and another $300,000 in punitive damages. Docket No. 205; *see also* Docket No. 206 (affidavit). "A defendant's default does not automatically entitle the plaintiff to a court-ordered judgment." *PepsiCo., Inc. v. Cal. Sec. Cans.*, 238 F. Supp. 2d 1172, 1174 (C.D. Cal. 2002). In order to obtain default judgment, the movant must make a threshold showing that service was properly effectuated and that the Court has personal jurisdiction over the defaulting defendant. *Tuli v. Republic of Iraq*, 172 F.3d 707, 712 (9th Cir. 1999); *see also DFSB Kollective Co. v. Bourne*, 897 F. Supp. 2d 871, 877 (N.D. Cal. 2012). Even if that showing has been made, whether a default judgment should be entered is an issue entrusted to the discretion of the district court. *See Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). The Ninth Circuit has determined that district courts should look at seven discretionary factors before rendering a decision on default judgment. *See Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986).

The movant seeking default judgment also has the burden of proving its damages. *See, e.g.*, *Shanghai Automation Instrument Co. v. Kuei*, 194 F. Supp. 2d 995, 1010 (N.D. Cal. 2001). Generally speaking, damages are proven through the submission of evidence or the holding of an evidentiary hearing. *See Philip Morris USA, Inc. v. Castworld Prods., Inc.*, 219 F.R.D. 494, 498 (C.D. Cal. 2003). Punitive damages are not awarded as of right, but rather require a showing that the defendant's conduct meets the legal requirements for triggering punitive damages. *See Dolphin v. Ruiz*, 2008 WL 4552940, *3 (C.D. Cal. Oct. 9, 2008) (addressing punitive damages under 42 U.S.C. § 1983). Generally speaking, punitive damages cannot be awarded simply on the basis of pleadings and instead can only be awarded based on an evidentiary showing. *See, e.g.*, *Hauge v. Adriatic Ins. Co.*, 2013 WL 5587365, *2 (E.D. Cal. Oct. 10, 2013).

Plaintiff's 18-line motion for default judgment fails to address the sufficiency of service, fails to show that the Court has personal jurisdiction over Defendant Bristol, fails to address the *Eitel* factors, fails to provide meaningful discussion as to compensatory damages, and fails to identify any basis for an award of punitive damages. *See* Docket No. 205. Accordingly, the motion for default judgment is **DENIED** without prejudice. Any further motion for default judgment must be filed by October 17, 2017. Counsel shall carefully review the required showings for entry of default judgment and must address all relevant issues in any renewed motion.[1] Any renewed motion must provide meaningful discussion of each relevant issue, *see, e.g., Kor Media Group, LLC v. Green*, 294 F.R.D. 579, 582 n.3 (D. Nev. Oct. 29, 2013), and may not incorporate by reference filings made elsewhere in the case.

IT IS SO ORDERED.

DATED: October 10, 2017

_____
NANCY J. KOPPE
United States Magistrate Judge

---

[1] The Court does not herein purport to list all defects with the current motion. Counsel must ensure that any renewed motion not only comports with the requirements outlined herein but also that it comports with any other applicable requirements.