# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| GUADALUPE OLVERA FAMILY TRUST, | Case No. 2:14-cv-01298-GMN-NJK |
| Plaintiff(s), | REPORT AND RECOMMENDATION |
| v. | (Docket No. 208) |
| JARED E. SHAFER, et al., | |
| Defendant(s). | |

A party moving the Court for relief has a basic burden of showing that relief is properly granted. *See, e.g.*, *Silvagni v. Wal-Mart Stores, Inc.*, 320 F.R.D. 237, 244 (D. Nev. 2017). To that end, a motion must provide factual points and legal authorities showing a basis for the relief sought. *See, e.g.*, Local Rule 7-2(d). On October 9, 2017, Plaintiff filed an 18-line motion seeking a default judgment against Defendant Patience Bristol for $462,221.25. Docket No. 205; *see also* Docket No. 206 (affidavit). That motion was clearly defective, failing to address several of the fundamental showings required by controlling law. *See* Docket No. 207. As a courtesy to Plaintiff, the Court nonetheless denied the motion without prejudice and outlined some of the basic showings required to obtain default judgment. *See id.* at 1-2. Among those basic required showings, the Court noted that entry of default alone does not entitle a plaintiff to default judgment and, instead, district courts determine whether to exercise their discretion to enter default judgment by analyzing the seven discretionary factors identified by the Ninth Circuit. *See id.* at 1 (citing *Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986)). The Court

cautioned counsel to "carefully review the required showings for entry of default judgment and address all relevant issues in any renewed motion." *See id.* at 2; *see also id.* at 2 n.2.

Now pending before the Court is Plaintiff's renewed motion seeking a default judgment against Defendant Patience Bristol for $61,770. Docket No. 208. The renewed motion continues to suffer from a fundamental flaw; despite the Court expressly identifying the need to analyze the seven discretionary factors identified by the Ninth Circuit and citing for Plaintiff the controlling Ninth Circuit case, the renewed motion fails to identify those factors or explain how they support an exercise of discretion to grant default judgment. *See id.* As the Ninth Circuit has explained, the "starting point is the general rule that default judgments are ordinarily disfavored. Cases should be decided upon their merits whenever reasonably possible." *Eitel*, 782 F.2d at 1472. Because Plaintiff's renewed motion has failed to establish or even address the *Eitel* factors, Plaintiff has failed to overcome the presumption that cases should be decided on the merits and the renewed motion for default judgment should be denied. *See Messner v. Global Realty Development Corp.*, 2010 WL 11519422, at *2 (C.D. Cal. Jan. 28, 2010); *see also Point Center Fin'l, Inc. v. HPC U.S. Fund 1, L.P.*, 2012 WL 12953463, at *2 (C.D. Cal. Dec. 12, 2012); *Kantor v. Monument Homes Realty & Invs., LLC*, 2009 WL 113844, at *1 (D. Ariz. Jan. 16, 2009).[1]

Accordingly, the undersigned **RECOMMENDS** that the motion for default judgment against Defendant Patience Bristol be **DENIED**.

IT IS SO ORDERED.

DATED: October 18, 2017

                                                         NANCY J. KOPPE
                                                         United States Magistrate Judge

---

[1] The Court would ordinarily deny the motion without prejudice so that the factors can be addressed, but the Court has done that already and providing a further opportunity is not warranted here.

# **NOTICE**

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court. Pursuant to Local Rule of Practice (LR) IB 3-2(a), any party wishing to object to the findings and recommendations of a magistrate judge shall file and serve *specific written objections* together with points and authorities in support of those objections, within fourteen days of the date of service of the findings and recommendations. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's Order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991). The points and authorities filed in support of the specific written objections are subject to the page limitations found in LR 7-3.